# OKONESKI LAW FIRM, LLC

**Thomas J. Okoneski**

Tel: (651-260-3524)
Fax: (651-779-7785)
E-mail: okolaw@q.com

**Office**
2223 Ariel St N
Maplewood, MN  55109

**Mail**
P.O. Box 9069
North St. Paul, MN  55109

March 24, 2011

Hon. Michael J. Davis
United State District Court
15E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

Re:  Slumberland Franchising, Inc. et al v. When Pigs Fly LLC and Diane Watson
     Court File No.: 0:10-CV-03847-MJD-JJK

Dear Judge Davis:

I have reviewed Ms. Witterschein's letter of March 23, 2001 to you and provide the court the following input.

1. Defendants did not Answer in this case because their defenses where minor, would have affected only the amount of an eventual judgment award, and they did not have the financial ability to defend themselves.  Robert Bremer was not a party.
2. Presumably, Ms. Witterschein's reference to a Default Motion is to that which occurred last year.  Defendants did not oppose said motion for the same reasons as stated above.  At the time, I called Mr. Wahl to advise that the motion would go unopposed.  Plaintiffs never asked Defendants to stipulate to a judgment.
3. It is true that I did not file a Notice of Appearance a year ago, because Defendants filed no formal pleadings when this case was commenced. Nevertheless, I have been noticed and have filed through ECF in all matters, there has been correspondence between the court and I, and Plaintiffs' counsel has certainly treated me as having appeared throughout this matter.  Filing a Notice of Appearance at this point would seem to be a formality without a sound purpose.
4. Rule 11 does not provide for a 21 day response period.  Rule 11 provides for a 21 day opportunity to withdraw frivolous motions.  For whatever reason, Plaintiffs' chose to file their Contempt Motion on 14 days' notice, thereby making it impossible for Respondents to give Plaintiffs 21 days to reconsider.  Because of this procedural posture, the analysis courts use to determine whether Plaintiffs have violated their duties under Rule 11 applies, but the safe harbor provision cannot.

Respondents asked your clerk for a hearing date contemporaneous with that of Plaintiffs' Contempt Motion only for the sake of efficiency.  The thought was that we could all deal with the situation once, while the facts and arguments were fresh, instead of rehashing everything a second time.  For these reasons, my preference would be to proceed as planned.

Mr. Wahl and I spoke earlier this week and he outlined what Plaintiff's and their counsels' response would be to Respondents' motion.  I am not anticipating any major new issues to arise and certainly would not object to the court providing more response time to Plaintiffs.  Of course, the court is its own best gauge as to how much time it needs to review Plaintiffs' response prior to the hearing.

In summary, I do not believe it is best to strike Respondents' motion and would not have a problem with Plaintiffs' reply deadline being extended to March 29, 2011.


Respectfully submitted,

*Thomas J. Okoneski*

Thomas J. Okoneski (146791)

cc:  Ms. Leslie Witterschein